IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES I. TONEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:03CV00416 CAS/AGF |
| | ) | |
| LARRY ROWLEY, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the pro se petition of Missouri state prisoner James Toney for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The action was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for recommended disposition. For the reasons set forth below, the Court recommends that federal habeas relief be denied on the basis of procedural default.

Petitioner pled guilty to forcible rape, first-degree burglary, and felonious restraint. He was sentenced to concurrent terms of imprisonment of twenty years, fifteen years, and seven years, respectively. Petitioner claims in the present action that his constitutional rights were violated in the following four ways: (1) comments at the plea hearing misled him to believe that the maximum penalty he faced on the rape charge was fifteen years; (2) there was no factual basis to support the burglary conviction; (3) he did not understand certain legal terms in the plea agreement, rendering his plea unintelligent; and (4) counsel provided ineffective assistance in failing to properly raise the above three issues.

## BACKGROUND

### Guilty Plea Hearing

Petitioner was charged on February 8, 2000, with committing forcible rape, in violation of Mo. Rev. Stat. § 566.030; first-degree burglary; and felonious restraint. Resp. Ex. 2 at 26-27. The charges arose out of events occurring on October 23, 1999. On July 7, 2000, Petitioner pled guilty to all three charges. At the plea hearing, the court asked Petitioner if he had signed the "Petition to Enter a Plea of Guilty," and Petitioner stated that each page except the first was signed. Petitioner then signed the first page, and the court asked Petitioner if he had had a chance to read the petition before he signed it. When Petitioner responded that he had had a chance to "glance" at it, the court afforded him time to read the petition in private with his attorney.

The petition provided that Petitioner and the State had reached an agreement that if he pled guilty, the court would sentence him to a term of imprisonment of twenty years on the rape charge, fifteen years on the burglary charge, and seven years on the restraint charge, all to run concurrently. After Petitioner assured the court that he had had sufficient time to read and "reflect on" the petition and to go over it with his attorney, and that his attorney had answered all of Petitioner's questions to Petitioner's satisfaction, the court asked Petitioner if, other than the State's sentence recommendation, anyone had promised him anything to get him to plead guilty or had threatened or coerced him. Petitioner responded in the negative. Resp. Ex. 1 at 3-5.

The prosecutor then reviewed the charges and the penalty range for each charge. With respect to the rape charge, the prosecutor stated that it "carried a range of

punishment of the minimum of seven to seventeen years and a maximum of life imprisonment." Id. at 8. Defense counsel interjected, "he advised the range of punishment on [the rape charge] -- that is five to fifteen, since there was no weapon used." Id. at 8. The prosecutor responded, "That's correct, five to fifteen, okay." Id. At the time of the offense (as well as at the time of the plea), the authorized punishment under Missouri law for forcible rape was from five years to life, unless serious physical injury was inflicted or a weapon was displayed, in which case the authorized punishment was from ten years to life. Mo. Rev. Stat. § 566.030.2 (1998).

The hearing then proceeded, with Petitioner acknowledging that on October 23, 1999, he had sex with his fiancee against her will, that he had unlawfully entered her residence for the purpose of committing the rape, and that he had restrained the victim by putting his hand on her throat. The court accepted the guilty plea as being intelligently and voluntarily made, sentenced Petitioner as set forth above, and informed Petitioner of his right to appeal his convictions and sentences on various grounds, including the ground that the sentence imposed was in excess of the maximum authorized by law. The court further informed Petitioner that he had 90 days to file a motion for such relief. Id. at 9-14.

The court told Petitioner that it would next ask him questions about his satisfaction with his legal representation and asked Petitioner whether he preferred to have his attorney, Valerie Held of the Missouri Public Defender's Office, leave the room. Petitioner stated that Ms. Held could stay. Petitioner stated that to his knowledge, the case had been investigated by the Public Defender's Office. He told the court that he was

first represented by another attorney from that office who persuaded Petitioner's family not to hire a private attorney, and that Petitioner was not happy about that, but that he was satisfied with the plea agreement. The court emphasized that it would be happy to try the case if that were what Petitioner wanted, and Petitioner responded, "It's not a question of whether or not I want the case tried or not. I'll take the plea that the State is offering."

The court stated that it was not asking Petitioner to take any offer if he were innocent or had not received effective assistance of counsel. Petitioner responded that Ms. Held did a good job, that he was satisfied with her services, and that he wanted the court to accept his plea. The court found that there was no reason to believe that Petitioner had received ineffective assistance of counsel, and the proceeding ended. Id. at 14-17.

**State Post-conviction Proceedings**

Petitioner was sentenced as set forth above on July 17, 2000. On October 1, 2000, Petitioner filed a pro se motion under Missouri Supreme Court Rule 24.035 to vacate, set aside, or correct his convictions and sentences.[1] He claimed that counsel was ineffective in failing to conduct an in-depth investigation of the charges; failing to interview all the witnesses counsel was told about, prior to advising Petitioner to plead guilty; failing to visit with Petitioner sufficiently before advising him to plead guilty; failing to investigate the fact that the victim had made false accusations against another individual in the past;

---

[1] Rule 24.035 provides that it is the exclusive procedure by which a person who pleads guilty may seek relief in the sentencing court on claims that his conviction or sentence violated the state or federal constitution.

4

deliberately misinforming Petitioner about how much time he would have to serve before he would be eligible for a halfway house; and failing to file a motion to dismiss the rape charge and to suppress the rape kit lab tests after the victim admitted at the preliminary hearing that earlier during the night in question she and Petitioner had had consensual sex. Resp. Ex. 2 at 1-5.

On April 9, 2001, an amended motion to vacate was filed with the assistance of appointed counsel. The only ground for relief raised in this amended motion was that the guilty plea was involuntary, unknowing, and unintelligent because it was induced by Ms. Held's ineffective assistance in pressuring Petitioner into pleading guilty. Petitioner alleged that when he met with Ms. Held at the court on the day of the guilty plea, Ms. Held yelled at him and badgered him to force him to plead guilty. Petitioner requested an evidentiary hearing on this claim. Id. at 13-17.

On August 2, 2001, following argument by counsel and an examination of the record, the motion court denied Petitioner's request for an evidentiary hearing, as well as his motion for post-conviction relief. The court stated that the transcript of the guilty plea hearing clearly refuted Petitioner's allegations that Ms. Held had used coercive tactics. Id. at 22-25. On appeal, the sole ground raised was that the record did not "conclusively" refute Petitioner's allegation that Ms. Held coerced him to plead guilty. He argued that his statement at the plea hearing, "I'll take the plea that the State is offering," suggested his ambivalence and dissatisfaction with Ms. Held's representation and his reluctance to go to trial with her as his attorney the following week, which was the alternative to pleading guilty that the court had offered. Petitioner also argued that a defendant whose

5

will had been overborne by counsel would not feel assertive enough to express his dissatisfaction with counsel to the court or to ask her to leave the room when the court offered that option. Resp. Ex. 3. The Missouri Court of Appeals affirmed the denial of post-conviction relief on May 10, 2002, agreeing with the motion court that the record refuted Petitioner's allegation that Ms. Held had used coercive tactics. Resp. Ex. 5.

The state procedural history of this case did not end there. The Court takes judicial notice that on December 5, 2002, Petitioner filed a motion with the trial court to withdraw his guilty plea, pursuant to Missouri Supreme Court Rule 29.07(d), to correct "manifest injustice."[2] He raised the following four grounds for relief: (1) the comments at the plea hearing about the range of punishment on the rape charge led Petitioner to believe that the terms of the plea agreement had been changed such that the maximum sentence he could receive on that charge was fifteen years, not twenty years, and had he not been so misled he would not have pled guilty; (2) there was no factual basis for the burglary charge because the evidence showed that Petitioner entered the victim's house to play with her dogs and not for the purpose of committing rape; (3) he did not understand certain legal terms used in the plea agreement, rendering his guilty plea unknowing, unintelligent, and involuntary; and (4) he received ineffective assistance of trial and appellate counsel in

---

[2]  See www.courts.mo.gov/casenet/ Case No. 11R019902606-01.

   Rule 29.07(d) provides as follows: "A motion to withdraw a guilty plea may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

6

that they did not raise the above three grounds before the trial court or on appeal. Resp.'s Ex. 6.[3]

**Federal Habeas Petition and Subsequent State Court Rulings**

The present federal habeas petition was signed by Petitioner on March 28, 2003, received on April 2, 2003, and file-stamped on April 9, 2003. Petitioner raised herein the same four claims raised in the motion to withdraw his guilty plea. He asked this Court to hold the federal petition in abeyance until that motion was ruled on. On April 29, 2003, Petitioner filed a petition for a writ of habeas corpus in state circuit court, pursuant to Missouri Supreme Court Rule 91, accompanied by a copy of his motion to withdraw his guilty plea. This petition was signed by Petitioner on April 10, 2003. On May 2, 2003, the state sentencing court summarily denied the state Rule 91 petition. Resp. Ex. 7. On June 2, 2003, Petitioner filed an appeal, which was summarily denied on June 25, 2003. Resp. Exs. 8 & 10. The Court takes judicial notice that on August 1, 2003, the trial court summarily denied Petitioner's motion to withdraw his guilty plea; that on January 18, 2005, Petitioner filed a motion for reconsideration; and that on February 22, 2005, the motion for reconsideration was denied.[4]

Respondent argues that the present habeas petition should be dismissed in its entirety as procedurally barred in that none of Petitioner's claims were raised in his Rule

---

[3] The record does not contain a copy of the file-stamped motion to withdraw the guilty plea, but rather a purported copy of said motion is attached to Petitioner's Rule 91 petition and to his federal habeas petition.

[4] See www.courts.mo.gov/casenet/ Case No. 11R019902606-01.

24.035 post-conviction motion or on appeal from the denial of that motion, and thus they were procedurally defaulted in state court. In a supplemental response, Respondent argues that this default was not cured by Petitioner's filing of the state Rule 91 petition, which was summarily denied, thereby "enforcing" or "confirming" the procedural default. In this response, Respondent also argues that there is no merit to Petitioner's claim that he was misled at the plea hearing to believe that the maximum sentence he faced on the rape charge was fifteen years. Respondent asserts that the above-cited exchange between the prosecutor and defense counsel referred not to the maximum sentence on the rape charge, but rather to the minimum sentence on that charge.

In his traverse, Petitioner reasserts his claims for habeas relief, arguing that they each resulted in "manifest injustice." He focuses on his claim that he was led to believe at the plea hearing that he would receive a maximum of fifteen years on the rape charge.

## DISCUSSION

Under the doctrine of procedural default, a federal district court "is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) (citing Coleman v. Thompson, 501 U.S. 722, 729 (1991) (a federal habeas court "will not review a question of federal law decided by a state court if the decision of that court rests on a [substantive or procedural] state law ground that is independent of the federal question and adequate to support the judgment")). For a federal court to enforce a state procedural bar, "either the state court must have declined to reach the issue for procedural reasons" or it must be

"clear that the state court would hold the claim procedurally barred." Clemons, 381 F.3d at 750 (citations omitted)

If, however, the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal court review. As stated in Coleman,

> if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition.

Coleman, 501 U.S. at 735; see also Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (a Missouri court can lift the bar on an otherwise procedurally defaulted claim by reviewing it on the merits).

Absent a decision by a state court to lift the procedural bar on an otherwise defaulted claim, a habeas petitioner can overcome the procedural bar to federal habeas review of the claim on its merits by demonstrating (1) both cause for the default and actual prejudice therefrom, or (2) that the failure to review the federal claim will result in a fundamental miscarriage of justice; the "miscarriage of justice" exception permits review of a defaulted claim where a constitutional violation has probably resulted in the conviction of one who is factually "actually innocent." House v. Bell, 126 S. Ct. 2064, 2077 (2006) (citing Schlup v. Delo, 513 U.S. 298, 321-24 (1995)). To show a "miscarriage of justice" in this context requires "new reliable evidence" that was not presented at trial and that makes it "more likely than not" that "no reasonable juror would

have found petitioner guilty beyond a reasonable doubt." Id.; see also Weeks v. Bowersox, 119 F.3d 1342, 1350-51 (8th Cir. 1997).

Here, even considering Petitioner's pro se Rule 24.035 motion for post-conviction relief along with, rather than superseded by, the amended motion, the fact remains that on appeal from the denial of Rule 24.035 relief, the only claim Petitioner raised pertaining to the plea itself was that Ms. Held had badgered him into pleading guilty. Thus, the four claims that he raises in his federal habeas petition were procedurally defaulted in state court. See Moore-El v. Luebbers, 446 F.3d 890, 897-98 (8th Cir. 2006) (Missouri inmate's failure to raise a claim on appeal for the denial of state post-conviction relief constitutes a procedural default of that claim) (citing Lowe-Bey v. Groose, 28 F.3d 816, 818 (8th Cir. 1994)); Sweet v. Delo, 125 F.3d 1144, 1150 (8th Cir. 1997) (same); Jolly, 28 F.3d at 54 (in Missouri, a claim must be presented at each step in the judicial process in state court to avoid procedural default).

The Court agrees with Respondent that the April 29, 2003 filing by Petitioner of the Rule 91 state petition for habeas relief did not lift the previously defaulted federal issues. The summary denial by the state courts of this pleading strongly indicates that these courts' decisions did not rest upon resolution of Petitioner's federal claims on the merits. In Byrd v. Delo, 942 F.2d 1226 (8th Cir. 1991), the Eighth Circuit held that "after Coleman, there is simply no reason to construe an unexplained [Missouri Supreme Court] Rule 91 denial as opening up the merits of a previously defaulted federal issue." Id. at 1232; see also Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996) (same, citing Simmons v. White, 866 S.W.2d 443, 446-47 (Mo. 1993) (en banc) (a Rule 91 proceeding may not

be used to raise for the first time a claim that was known to the person at the time he filed his direct appeal or state post-conviction motion, except in very limited situations where the claim raises a jurisdictional issue or "manifest injustice" would result if habeas relief were not granted)).

Although in Byrd, the Rule 91 petition was denied on the same day that it was filed, a fact noted by the Eighth Circuit in concluding that the petition was not decided on the merits, this Court concludes that the reasoning and holding of that case apply here. Further, here the state trial court denied the Rule 91 petition within days of the filing, and the appeal was denied within several weeks of its filing.

Similarly, the Court concludes that the proceedings related to the motion to withdraw his guilty plea, filed under Rule 29.07(d) two and one-half years after sentencing, did not lift the bar as to the previously defaulted federal issue Petitioner now asserts in this habeas action. Under Missouri law, such a motion may not be resorted to where, as here, the movant was aware of his claim in time to file a timely post-conviction motion under Rule 24.035. Brown v. State, 66 S.W.3d 721, 722 (Mo. 2002) (en banc).

Thus, Petitioner must establish "manifest injustice" or cause and prejudice to excuse his procedural default. In light of his guilty plea, any attempt by Petitioner to argue that he is actually innocent is not persuasive. See McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997); Brown v. Dwyer, No. 4:04CV00304 ERW, 2006 WL 950206, at *4 (E.D. Mo. 2006). Petitioner has presented no new evidence that he is innocent of the crimes to which he pled guilty. In addition, an assertion of actual innocence cannot be based upon an allegation that a guilty plea was induced by ineffective counsel, because

such is a claim of legal innocence rather than factual innocence. Jolly, 28 F.3d at 54; Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992). Thus, Petitioner has not shown any manifest injustice to excuse the procedural default.

To the extent that Petitioner asserts the ineffective assistance of post-conviction counsel as cause for the default, this is unavailing. Because there is no constitutional entitlement to counsel in state post-conviction proceedings, the ineffectiveness of counsel in connection with such proceedings cannot constitute cause excusing a procedural default. Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005), cert. denied, 126 S.Ct. 1351 (2006); Rehbein v. Clarke, 94 F.3d 478, 484 (8th Cir. 1996) (same). Petitioner asserts no other cause for his procedural default and has, therefore, failed to establish any ground to excuse the default.

## **CONCLUSION**

The Court concludes that the doctrine of procedural default bars review of Petitioner's claims for federal habeas relief. The Court does not believe that reasonable jurists might find the Court's assessment of the procedural issues in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (setting forth the standard for issuing a certificate of appealability).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of James Toney for habeas corpus relief be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that the failure to file timely objections may result in a waiver of the right to appeal questions of fact.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of August, 2006.