IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES TONEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:03CV416 CAS/AGF |
| | ) | |
| LARRY ROWLEY, | ) | |
| | ) | |
| Respondent. | ) | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Following this undersigned's submission of a Report and Recommendation on this case to the United States District Judge, the State filed three additional exhibits: the state court docket sheet from Petitioner's criminal case, Petitioner's motion filed under Missouri Supreme Court Rule 29.07(d) to withdraw his guilty plea, and the August 1, 2003 decision of the state circuit court denying Petitioner's motion to withdraw his guilty plea. The Report and Recommendation states on page 7 that the state circuit court had denied the Rule 29.07(d) motion "summarily," citing the docket sheet posted on the state courts' website. The copy of the decision now filed by the State makes this characterization inaccurate.

An accurate description of this decision is that the circuit court stated that "[t]he records and file of this case in addition the findings [sic] previously issued by [the circuit judge who denied the petitioner's Rule 24.035 motion for post-conviction relief ] clearly

1

demonstrate that the petitioner's pleas of guilty were entered voluntarily and that he had an understanding of the charges against him and that there is not manifest injustice associated with this plea." The court then stated that it also recognized that Rule 24.035 provides the exclusive procedure by which a Missouri inmate may seek relief in the sentencing court after having entered a guilty plea, and that Petitioner failed to show why the claims raised in his motion to withdraw the pleas could not have been raised in his Rule 24.025 motion. The court ended by stating that it found no manifest injustice that would justify withdrawal of Petitioner's guilty pleas.

The above does not change the undersigned's conclusion that the proceedings on Petitioner's Rule 29.05(d) motion did not open the merits of Petitioner's previously defaulted federal claims raised in his federal habeas petition. Although the conclusory statement quoted above, that the record supported the finding that Petitioner's pleas were voluntary and knowing, might be read as a merits determination of the matter, the undersigned does not believe that this decision rests primarily on resolution of Petitioner's claims. Rather, the state circuit court relied primarily on the procedural status of the issues, namely their being presented in a motion to withdraw guilty pleas, after they were procedurally defaulted in the Rule 24.035 post-conviction proceedings.

The undersigned further notes that the state court docket sheet in Petitioner's criminal case indicates that the motion to reconsider filed by Petitioner on January 18, 2005 and denied on February 22, 2005, related to the denial of an undocketed motion "for sua sponte inquiry into abandonment and fraud " upon the court by Petitioner's plea

counsel. The Report and Recommendation infers on page 7 that these pleadings related to the denial of Petitioner's motion to withdraw his guilty pleas.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of August, 2006.